**Yu Guan ZHU, Petitioner,**

**v.**

**84**

Alberto R. GONZALES,[1] United States Attorney General Respondent.

No. 03–4408–AG NAC.

United States Court of Appeals, Second Circuit.

Oct. 24, 2005.

———

Karen Jaffe, New York, NY, for Petitioner.

Jan M. Holtzman, Assistant United States Attorney, Cincinnati, OH, for Respondent.

PRESENT: JACOBS, KATZMANN, and RAGGI, Circuit Judges.

---

**1.** Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for for-

SUMMARY ORDER

Yu Guan Zhu petitions for review of the BIA's decision affirming the Immigration Judge's denial of his application for asylum and withholding of removal. We assume the parties' familiarity with the underlying facts and procedural history.

"The Attorney General may grant asylum to an alien who has applied for asylum ... if the Attorney General determines that such alien is a refugee within the meaning of 8 U.S.C. § 1101(a)(42)(A)." 8 U.S.C. § 1158(b)(1)(A). A "refugee" is a person who is unable or unwilling to return to his native country because of "persecution or a well-founded fear of persecution on account of [*inter alia*] ... political opinion." 8 U.S.C. § 1101(a)(42)(A). If an applicant establishes that he has suffered past persecution, "he shall be presumed to have a well-founded fear of future persecution on the basis of the same claim." *Chen v. INS*, 359 F.3d 121, 126–27 (2d Cir.2004). The presumption may be rebutted by a showing that the conditions in the applicant's country have changed, such that the danger no longer exists. *Id.* at 127. With respect to future persecution, the alien must "present credible testimony that he subjectively fears persecution and establish that his fear is objectively reasonable." *Ramsameachire v. Ashcroft*, 357 F.3d 169, 178 (2d Cir.2004). The Attorney General must grant withholding of removal where it is more likely than not that a petitioner's life or freedom would be threatened based on his political opinion. *Id.*

A BIA decision upholding an IJ's denial of an application for asylum, will be upheld "if it is supported by reasonable, substantial, and probative evidence on the record considered as a whole." *Zhang v. INS*,

---

mer Attorney General John Ashcroft as a respondent in this case.

386 F.3d 66, 73 (2d Cir.2004) (internal quotation marks omitted). To reverse, the Court must conclude that no reasonable factfinder "would have been compelled to conclude to the contrary." *Id.*

The hearing transcript and the documents submitted to the IJ show that there was substantial evidence to support the IJ's finding that Yu Guan Zhu failed to support his application with credible evidence. *See id.* As a result, the BIA did not err by affirming the IJ's decision. Moreover, Yu Guan Zhu presents only conclusory allegations as to the IJ's failure to consider exhibits and specifically references only an abortion certificate, which was allegedly provided to his wife. However, the IJ *did* consider the abortion certificate, but determined that it had little probative value.

For the foregoing reasons, the petition for review is DENIED.